Philo v. The Illinois Central R. R. Co.

Affirmed.

---

Philo v. The Illinois Central R. R. Co.

1. Railroad: NEGLIGENCE OF EMPLOYEE.  Where an employee of a railroad company is injured in consequence of the negligence of a co-employee, the company will be regarded as "the perpetrator" of the act within the meaning of section 4111 of the Revision.
2. —— RIGHT OF ACTION ACCRUES TO REPRESENTATIVE.  Where an employee of a railroad company is killed through the negligence of a co-employee, a right of action, as provided by section 7, ch. 169, acts 9th General Assembly, accrues to the representatives of the deceased.

*Appeal from Dubuque Circuit Court.*

SATURDAY, DECEMBER 16.

WILLIAM PHILO was employed by defendant as a brakeman upon a freight train running upon its road.  While

in the discharge of his duty, under such employment, in an attempt to couple the tender of the locomotive to another car, he was so severely injured that he died within a few hours. The plaintiff is the executrix of his estate, and brings this action to recover damages resulting to the estate from the alleged careless act of defendants' servants, which, it is claimed, caused his death. A verdict for plaintiff, in the sum of $16,000, was rendered. Upon a motion for a new trial, the court held that the verdict was excessive and ordered that it be set aside unless plaintiff should remit $8,500. The remittitur for that sum was entered, and thereupon judgment was entered against the defendant for $7,500. From this judgment the defendant appeals.

*Cram & Rood* for the appellant.

*Roberts & Fouke* for the appellee.

BECK, J. — I. The first position of defendant's counsel is this: Under Revision, § 4111, which provides that "when wrongful act produces death, the perpetrator is . civilly liable for the injury." Defendant is not liable in this action, for the reason that it was not the perpetrator of the act causing the death of plaintiff's intestate. Conceding the death to have been caused by the negligence of the fellow servants of deceased, it is insisted, by counsel, that the perpetrators of the wrongful act were such servants and not the defendant. This position is supported by the following argument briefly stated: It is a well-settled rule of the authorities, concurred in by this court, in *Sullivan* v. *The Mississippi and Missouri Railroad Co.*, 11 Iowa, 421, that, aside from statutory enactments, an employer is . not liable to an employee for injuries resulting to him on account of the negligence of a fellow servant. This rule is founded upon the doctrine, as it is

claimed by counsel, that the wrongful act of the servant, which works the injury complained of, is not the wrongful act of the principal but of the servant alone. The principal, therefore, is not, and cannot be held to be, the *perpetrator* of the act resulting in the injury, and is not within the language of the statute above cited. The error in the argument is in the reason given for the rule of law first stated. While the reason stated by counsel is assigned by some authorities to support the rule, it is not given by all, and, in truth, is not its true foundation. The true reason of the rule, in our opinion, is stated by Lowe, C. J., in *Sullivan* v. *The M. & M. Railroad Co.*, *supra*, in the following language: "Like the main rule, this exception" [the rule now under consideration], "is founded upon public policy, and had its origin in the idea that the employee has the means of knowing, just as well as the employer, all the ordinary risks incident to the service in which he is about to engage, and that these, including the perils that might arise from negligence of other servants in the same business, entered into the contemplation of the parties in making the contract; on account of which the law implies that the servant or employee has insisted upon a rate of compensation which would indemnify him for the hazards of the employment. And, again, the law supposes that the relation which the several employees sustain to each other, and the business in which they are engaged, would enable them better to guard against risks and accidents, than could the employer. Besides the moral effect of devolving these risks upon the employees themselves would be to induce a greater degree of caution, prudence and fidelity than would, in all probability, be otherwise exercised."

The position of counsel, based as it is upon reasons which are not sound, as its only support, cannot be sustained.

In *Donaldson et al., Adm'rs*, v. *The M. & M. Railroad*

*Co.*, 18 Iowa, 280, it is held that a railroad corporation, under Rev., § 4111, is to be considered the perpetrator of a negligent and wrongful act done by its servants, whereby one was killed. In that case the person killed was not a servant of the corporation. But, in our opinion, there is no distinction existing, in reason, which would require us to regard the corporation as the perpetrator of the act, when one, not a servant, is injured, and in the case of the injury of a servant to consider another and not the corporation as such perpetrator.

II. The next point made by defendant's counsel, involves the construction of section 7 of chapter 169 of the acts of the 9th general assembly. It is in these words: " Every railroad company shall be liable for all damages sustained by any person, including employees of the company, in consequence of any neglect of the agents, or by any mismanagement of the engineers, or other employees of the corporation, *to any person sustaining such damage.*" Counsel of defendants insist that, under this statute, no right of recovery exists to the representative of an employee, killed by the negligence of other servants of a railroad company. Their views, in brief, are as follows: The statute creates a remedy in favor of the employee for injuries sustained, and in case of his death therefrom, the damages recoverable, are such as would accrue, or be allowed, in a suit commenced by the employee, in case he should die from a cause not growing out of the injury. The damages resulting from the death itself are not contemplated by the statute, not being damages sustained by the employee, but by his representative. This position is based upon the thought that there are two distinct causes of action, in case of the death of the injured person, one for damages sustained prior to death, the other, for the death itself. The last accrues to the representative of the party killed, and not to the party himself.

Now, the counsel argue, that the object of the statute is

to secure a remedy to the employees of railroad companies, in case of injuries, and not to his representative, and that such is the effect of its language. But a careful consideration of the language of the provision will, alone, demonstrate the error of counsel's argument and conclusion. It provides, in express words, that the corporation "shall be liable-for all damages sustained by any person, including employees, * * * * * *to any person sustaining such damages;*" that is, the party who, under the law, is entitled to the damage may maintain an action therefor. This is the obvious meaning of the language of the statute, derived from its true grammatical construction. In the case of the death of a party, from injuries, the person sustaining the damages resulting from the death is the representative of the deceased. To the representative, then, is the corporation liable, under the express and plain language of the law.

That the intention of the legislature, in the enactment of the statute, accords with its language, there can be no doubt. It cannot be presumed that the law-makers would secure to employees of railroads a remedy for injuries, not resulting in death, but for the greater injuries whereby life is destroyed, they would make no provision; thus securing to the employee himself compensation for the lesser injury, but denying to his family, who are dependent upon him for support, compensation for the loss they sustain in his death. We cannot suppose the legislature that enacted the law was either so short-sighted or heartless as to intend any such results from its provisions. The construction we adopt accords with the language and spirit of Rev., § 4111, which makes the perpetrator of an act, resulting in death, liable for the injury, and provides that the action therefor may be brought by the representative of the deceased, and secures the amount recovered to his wife, children or parents, free from his debts. Other reasons could be given in support of our conclusion, which, also,

is sustained by authorities, but it is so apparently correct that further discussion is not called for.

The views of defendant's counsel, as stated above, are advanced in support of objections to instructions of the court to the jury. These instructions are in harmony with the principles above announced, and were, therefore, properly given.

III. Defendant's counsel contend that the damages, after the remittitur made by plaintiff, are excessive, and, for that reason, the judgment ought not to be sustained. Considering all the facts of the case, as disclosed by the record, we find no sufficient cause to authorize an interference with the judgment as it now stands.

No other points are made by defendant's counsel.

Let the judgment of the circuit court be

Affirmed.