JOHN GOODWIN, Administrator of Archibald B. Goodwin, *vs.* ALONZO J. NICKERSON *et al.*

Action brought under Pub. Stat. R. I. cap. 204, §§ 15-20, to recover damages for death caused by negligence must be brought by the executor, administrator, or widow of the deceased. They cannot be brought by the next of kin as such.

TRESPASS ON THE CASE. On demurrer to plea in abatement.

*August* 1, 1891. PER CURIAM. The plaintiff, as administrator upon the estate of his son, Archibald B. Goodwin, brings this suit under Pub. Stat. R. I. cap. 204, § 20,[1] for damages occasioned by

---

[1] Pub. Stat. R. I. cap. 204, §§ 15-20, are as follows : —

SECT. 15. If the life of any person, being a passenger in any stage-coach or other conveyance when used by common carriers, or the life of any person, whether a passenger or not, in the care of proprietors of, or common carriers by means of, railroads or steamboats, or the life of any person crossing upon a public highway with reasonable care, shall be lost by reason of the negligence or carelessness of such common carriers, proprietor or proprietors, or by the unfitness or negligence or carelessness of their servants or agents, in this State, such common carriers, proprietor or proprietors, shall be liable to damages for the injury caused by the loss of life of such person, to be recovered by action of the case, for the benefit of the husband or widow and next of kin of the deceased person, one half thereof to go to the husband or widow and one half thereof to the children of the deceased.

SECT. 16. If in such case there shall be no children, the whole of such damages shall go to the husband or widow; and if there be no husband or widow, to the next of kin, according to the law of this State regulating the distribution of intestate personal estate among the next of kin.

SECT. 17. In addition to such action in favor of the widow and kindred of the deceased, a like action may be maintained for damages for such loss of life by any person having a direct pecuniary interest in the continuance of the life of such deceased person.

SECT. 18. Actions for the benefit of the widow and next of kin of such passenger or person may in all cases be brought by the executor or administrator of the deceased, whether such executor or administrator be appointed and qualified as such within or without the State ; but where there is a widow only, she may at her option sue in her own name.

SECT. 19. To maintain such actions it shall not be necessary first to institute criminal proceedings against the defendants.

SECT. 20. In all cases in which the death of any person ensues from injury inflicted by the wrongful act of another, and in which an action for damages might have been maintained at the common law had death not ensued, the

the death of his said son. He had previously, at the October Term, 1890, brought a suit in his own name for the same cause of action, which suit is still pending. The defendants plead the pendency of this last-named suit in abatement of the present suit, and to this plea in abatement the plaintiff demurs.

The question thus raised is, whether the father in such a case is entitled to maintain a suit in his own name. The section referred to provides that an action may be brought, in a case of this kind, in like manner and with like effect as provided in the preceding five sections; § 18 provides that actions for the widow and next of kin may in all cases be brought by the executor or administrator of the deceased, except that, where there is a widow only, she may sue in her own name. As this right of action is given only by the statute, and is also only given in this way, we think it necessarily follows that the action can be brought in no other way.

The provision in § 20, that the recovery shall be for the use of the husband, widow, children, or next of kin, seems further to imply that the action is not to be brought by those beneficially interested, but by the administrator for their use.

We think the uniform practice has been to bring suits in the name of the administrator, except in the case of a widow.

We are therefore of the opinion that the former suit should be regarded as a nullity, and that the plea in abatement should be overruled and the demurrer sustained.

*Augustus S. Miller, Arthur L. Brown & Richard Martin,* for plaintiff.

*Arnold Green & James L. Jenks,* for defendants.

person inflicting such injury shall be liable to action for damages for the injury caused by the death of such person, to be recovered by action of the case for the use of the husband, widow, children, or next of kin, in like manner and with like effect as in the preceding five sections provided.