PEARL MAJOR, Appellant, v. THE BURLINGTON, CEDAR RAPIDS & NORTHERN RAILWAY COMPANY.

Husband and Wife: WIFE HAS NO ACTION FOR WRONGFUL KILLING OF HUSBAND: *Statutes construed.* Code, section 3443, providing that all causes of action shall survive and may be brought notwithstanding the death of the person entitled or liable to same, and section 3444, providing that the civil remedy for wrongful death is no longer merged in the criminal offense, construed in connection with section 3445, providing that such action shall be deemed to have accrued to the personal representative of deceased, confer the right to sue for the wrongful killing of a person exclusively upon the personal representative . of such person, and hence do not create any cause of action in favor of the wife or children of the deceased, though they may share in the damages recovered, freed from any claims of creditors, as provided in section 3313.

SAME. The purpose of Code, section 2071, providing that a railroad company "shall be liable for all damages sustained by any person" in consequence of the neglect or mismanagement of its·

3    agents or employes, is to relieve employes from the fellow ser-
     vant rule; and hence it does not give a widow the right to sue
     for damages sustained by her by reason of the death of her
     husband, occasioned by the wrongful acts of the railroad com-
     pany.

HAD NONE AT COMMON LAW.    At common law, a widow cannot main-
1    tain an action for damages resulting to her individually from
     the wrongful killing of her husband.

*Appeal from Linn District Court.*—HON. H. M. REMLEY,
Judge.

TUESDAY, JANUARY 21, 1902.

THE plaintiff is the widow of Benton E. Major, who,
as she alleges in her petition, was killed by the wrongful act
of defendant, and she thereby deprived of his love, society,
companionship, support, and maintenance, to her damage
in the sum of $10,000, for which she asks judgment. The
defendant's demurrer—in effect, that plaintiff could not
maintain the action—was sustained. As she failed to amend,
her petition was dismissed, and she appeals.—*Affirmed.*

*Preston & Moffit* and *P. W. Tourtellot* for appellant.

*S. K. Tracy* for appellee. *J. C. Cook*, being interested
in a like case, was permitted to file a brief.

LADD, C. J.—Can a widow maintain an action for dam-
ages resulting to her individually from the wrongful killing
of her husband? Were it not for the almost unbroken line
of authority to the contrary, little difficulty, we ap-
prehend, would be experienced in vindicating such
right, at the common law, upon grounds suggested by
many eminent jurists. See *Sullivan v. Railroad Co.,* 3
Dill. 334 (Fed. Cas. No. 13,599) ; Opinion of Bramwell, B.,
in *Osborn v. Gillet,* L. R. 8 Exch. 93, sustained by an article
by F. T. Fox in 12 Central Law Journal, 464; *James v.*

*Christy,* 18 Mo. 162; *Cross v. Guthery,* 2 Root, 90 (1 Am.
Dec. 61); *Ford v. Monroe,* 20 Wend. 210; *Plummer v.
Webb,* 1 Ware, 69 (Fed. Cas. No. 11,234). Nearly every
decision attempting to accomplish this, however, has met
the peculiar misfortune of being overruled. Thus the well-
reasoned opinion of Judge Dillon in *Sullivan v. Railroad
Co., supra,* was overturned in 1 McCrary, 301 (2 Fed. Rep.
447), following *Mobile Life Ins. Co. v. Brame,* 95 U. S.
754 (24 L. Ed. 580), wherein such liability was expressly
denied. The right to maintain the action appears to have
been assumed, rather than decided, in *Ford v. Monroe* and
*Cross v. Guthery,* and was subsequently denied in the same
state, on full consideration, in *Green v. Railroad Co.,* *41
N. Y. 294, and *Connecticut Mut. Life Ins. Co. v. New
York & N. H. R. Co.,* 25 Conn. 265 (65 Am. Dec. 571).
In the last case the court said: "Should damages be de-
manded in right of the deceased for the injury to him, in
the name of his representative, a right would clearly be
claimed by the mere representative, which, from the nature
of things, could never have inhered in the principal for one
instant of time. No contract, even, could be made recog-
nizing such a right, and providing for a compensation for the
loss of one's life. The contract of insurance upon lives was
tolerated, not on the ground that death was a proper subject
of pecuniary remuneration, but as a mere wager, which
might, if lawful, as all wagers once were, depend as well
upon the duration of life as upon any other contingency.
Or if a suit should be brought to recover for the mental suf-
fering, loss of society, comfort, support, and protection re-
sulting from the death of another person, we should see
at once—so intertwined is the web of human affection in
terest, and relationship—that the author of his death, how-
ever slight or accidental his default, would be responsible
in numberless actions brought on behalf of wives, children,
friends, brothers, sisters, and dependents of all degrees, to
say nothing for the present of creditors; and for any injury

of such incalculable extent writers on jurisprudence, perhaps
without strict accuracy, have assigned the awful magnitude′
of the wrong as the reason why neither court nor jury have
ever be trusted by the law with the function of estimating
it." In *Osborn v. Gillet, supra,* notwithstanding the able
argument of Bramwell, B., in which he pointed out that
*Baker v. Bolton,* 1 Camp. 493,—the case generally relied
on,—was only a *nisi prius* decision of Lord Ellenborough,
the majority of the court held the action might not be main-
tained, stating that not in a single instance within the books
or memory of man had such a liability been recognized in
England. In some of the above cases stress is laid on the
allowance of such a right in the civil law, but it is to be
noted that this has been repeatedly denied, after exhaustive
investigation, by the only tribunal administering the civil
law in this country. *Hubgh v. Railway Co.,* 6 La. Ann.
495 (54 Am. Dec. 565); *Hermann v. Railway Co.,* 11
La. Ann. 5. Nor can such action be maintained in admir-
alty. *The Harrisburg,* 119 U. S. 199 (7 Sup. Ct. Rep.
140, 30 L. Ed. 358). This court declared in the early case
of *Donaldson v. Railroad Co.,* 18 Iowa, 283, that "at com-
mon law no right of action for the recovery of damages
existed against one who had caused the death of another."
This was conceded to have been the rule in *Conners v. Rail-
way Co.,* 71 Iowa, 490, where it was said to have been based
on two grounds: "That the right of civil remedy, when the
wrongful act amounts to a felony, is merged in the public
offense; and (2) that, the injury to the person being a per-
sonal tort, the right of action determines with his death."
The authorities are so uniform and numerous in denying
the common-law liability for the instantaneous death of a ·
human being, that, as was remarked in *Brame's Case,* "It
is impossible to speak of it as a proposition open to ques-
tion." The decisions will be found collected in 8 Am. &
Eng. Enc. Law, 855, and note to *Carey v. Railroad Co.,*
48 Am. Dec. 616. · This point was definitely de-

cided in *Hyde v. Railway Co.*, 61 Iowa, 441, but, even were the question *res integra* in this court, we should feel constrained to yield to the overwhelming weight of authority denying the right to have existed.

II.   It is insisted, however, that the statutes of Iowa have completely abrogated the common law rule; and it was so said in *Ccnners v. Railway Co.*, 71 Iowa, 490.   Section 3443 of the Code reads: "All causes of action shall survive and may be brought notwithstanding the death of the person entitled or liable to the same."   By section 3444 the right of civil remedy is no longer merged in the criminal offense.   If, as said in the case last cited, these statutes abrogate  the reasons for the common law rule, then possibly they carry with them  the rule itself. But in connection with their enactment, creating a right which did not exist before, the legislature provided for the remedy in ⁺he section following: "Any action comtemplated in the two preceding sections may be brought, or the court on motion, may allow the action to be continued, by or against the legal representatives or successors in interest of the deceased.   Such action shall be deemed a continuing one, and to have accrued to such representative or successor at the time it would have accrued to the deceased if he had survived."   From this it plainly appears that the cause of action contemplated in section 3443 is only one deemed "to have accrued to such representative or successor at the time it would have accrued to the deceased if he had survived." It is such an one as he might have prosecuted had he lived. And it was so held in *Mowry v. Chaney,* 43 Iowa, 609, wherein a husband was denied the right to maintain an action for damages resulting to him individually from the negligent killing of his wife; the court saying that "a right of action therefor exists only in favor of the administrator of her estate."   In *Hyde v. Railway Co.*, 61 Iowa, 441, it was said that "a cause of action which survives only by statute must survive to the person or persons designated

by statute." Indeed, it seems to be the general rule that whenever a right is created by legislation, and at the same time a remedy is prescribed, such remedy is part of the right and exclusive. Thus is was declared in *Barker v. Railroad Co.*, 91 Mo. 86 (14 S. W. 281), that "in conferring the right of action, and in providing such remedy, in designating when and by whom suits may be brought, it was, as a matter of course, competent for the legislature to provide and impose such conditions as it might deem proper; and the conditions thus imposed modify and qualify the right of recovery, or form, rather, we think, a part of the right itself, and upon which its exercise depends." To the same effect, see cases following, construing similar statutes: *Stewart v. Railroad Co.*, 83 Ala. 493 (4 South. Rep. 373); *Goodwin v. Nickerson*, 17 R. I. 278 (23 Atl. Rep. 12); *Usher v. Railroad Co.*, 126 Pa. St. 206 (17 Atl. Rep. 597, 4 L. R. A. 261, 12 Am. St. Rep. 863); *Killian v. Railroad Co.*, 128 N. C. 261 (38 S. E. Rep. 873); *Nash v. Tousley*, 28 Minn. 5 (8 N. W. Rep. 875); *Legg v. Britton*, 64 Vt. 652 (24 Atl. Rep. 1016). Nothing in these statutes indicates a purpose a create a cause of action in favor of wife or children, save as they may share in the distribution of the damages recovered, freed from any claim of creditors. See section 3313, Code. But appellant urges that as by section 2071 a railroad company is made liable "for all damages sustained by any person," etc., she may recover. The purpose of that statute, as pointed out in *Hunt v. Railroad Co.*, 26 Iowa, 366, was to relieve railroad employes from the fellow servant rule, and to enable them to recover for the negligence of a co-employee as for that of a principal. That such damages, in event of death, are recoverable only under the statutes mentioned, appears from *Philo v. Railroad Co.*, 33 Iowa, 47.—AFFIRMED.