Hilda M. Lampe, appellant, v. Lagomarcino-Grupe Company, appellee.

No. 49833.

(Reported in 100 N.W.2d 1)

December 15, 1959.

J. Francis Phelan, Robert N. Johnson and Johnson & Phelan, all of Fort Madison, for appellant.

Carl C. Riepe, John G. Link and Hirsch, Riepe & Wright, all of Burlington, for appellee.

GARRETT, J.—Clarence Lampe, while riding as a passenger and not as a guest in a truck owned and operated by Herman Kruse, sustained injuries from which he died a few minutes after an intersection collision of said truck with a beer delivery truck owned by the defendant, Lagomarcino-Grupe Company, and driven by T. A. Sullivan.

Action was brought by Hilda M. Lampe as executrix of the estate of Clarence Lampe and by Hilda M. Lampe personally against Lagomarcino-Grupe Company and T. A. Sullivan. Herman Kruse was later made a defendant.

In Count I the executrix claimed damages to the estate by reason of Lampe's wrongful death. In Count II Hilda M. Lampe personally claimed damages as the widow of Lampe for loss of consortium from the time of his injury to the expiration of his life expectancy. On Count I the jury returned a verdict for plaintiff against Lagomarcino-Grupe Company for $39,000 and this judgment was paid. On Count II the jury found for Hilda M. Lampe and against Lagomarcino-Grupe Company for $17,500. The court sustained the defendant's motion for judgment notwithstanding the verdict and Hilda M. Lampe has appealed. Plaintiff alleged, in this count, that by reason of the carelessness and negligence of the defendants "she has been and will be for the remainder of her life deprived of the services; the society, companionship and conjugal affection; the counsel and consolation; the aid, assistance and consortium of her said husband in all the relations of domestic life."

It was shown Clarence Lampe was thirty-seven and his wife thirty-three years of age, and that his life expectancy was 31.75 years and hers was 35.15 years. They had a daughter twelve years old and three sons, whose ages were eight years, three years and nine months respectively. The record discloses their family life was all that could be desired or expected under the circumstances.

The question here is: Has a wife a cause of action for the loss of consortium of her husband caused by the negligent act of a third person where the husband survives the injury only a few minutes?

■ I. Consortium may be defined as the affection, aid, assistance, companionship, comfort and society of one's spouse. This court has defined it as "conjugal fellowship of husband and wife; and the right of each to the company, co-operation, affection and aid of the other in every conjugal relation." Acuff v. Schmit, 248 Iowa 272, 274, 78 N.W.2d 480, 482; Price v. Price, 91 Iowa 693, 60 N.W. 202, 29 L. R. A. 150, 51 Am. St. Rep. 360; McGlothlen v. Mills, 221 Iowa 204, 265 N.W. 117; 41 C. J. S., Husband and Wife, section 11, page 402; 42 C. J. S., Husband and Wife, section 665, page 318; Hitaffer v. Argonne Co., Inc., 87 App. D. C. 57, 183 F.2d 811, 23 A. L. R.2d 1366.

■ In this state consortium is deemed to be a property right. Acuff v. Schmit and Price v. Price, both supra.

Appellant relies upon the Acuff case decided September 18, 1956, as supporting her position. In that case the petition alleged that due to defendant's negligent operation of an automobile her husband was permanently disabled and rendered incapable of carrying on marital relations. It stated that the plaintiff had been permanently deprived of the aid, services, support, affection, society, companionship and consortium, including sexual relations of her husband and asked damages on account thereof. This court held she had stated a cause of action.

■ Appellant here alleged "That the negligence of the defendants was the proximate cause of said injuries and death." It is conceded in the record the case was tried on the theory that Lampe died within a few minutes after the collision. This action in which the death of appellant's husband occurred almost if not simultaneously with the collision is readily distinguishable from the Acuff case. In that instance the plaintiff's husband lived, but his condition was such, according to the allegations of the petition, that his wife was deprived of his consortium. The instant suit is what is sometimes referred to as a "death case", death being practically instantaneous. No case has been called to our attention, nor have we been able to find one, which

holds that a wife may recover for loss of consortium where her husband's death followed immediately the negligent act causing the death. There is ample authority for holding that where a negligent act causes the instantaneous death of a husband his wife has no cause of action for loss of consortium. Acuff v. Schmit, supra; Major v. Burlington, C. R. & N. Ry. Co., 115 Iowa 309, 88 N.W. 815; Lane v. Steiniger, 174 Iowa 317, 156 N.W. 375; section 635.9, Code of 1954. An able discussion of the issues here involved and a review of the authorities will be found in the recent case of Hoekstra v. Helgeland, S. D., 98 N.W.2d 669.

It is the law of this state, as all will concede, that damages for wrongful death accrue to the administrator of a decedent's estate. Neither husband nor wife may sue in an individual capacity for the damages resulting from such wrongful death. Lewis v. Maddy, 187 Iowa 603, 174 N.W. 346; Major v. Burlington, C. R. & N. Ry. Co., supra; Jacobson v. Fullerton, 181 Iowa 1195, 165 N.W. 358.

Section 635.9, Code of 1954, provides as follows: "When a wrongful act produces death, damages recovered therefor shall be disposed of as personal property belonging to the estate of the deceased, but if the deceased leaves a husband, wife, child, or parent, it shall not be liable for the payment of debts."

In Lewis v. Maddy, supra, Evans, J., it is said (page 604 of 187 Iowa): "Under many of our previous cases, however, it has been held that the husband may recover individually for loss of consortium and services of the wife, and for expenses incurred in her treatment during the period intervening between the time of the injury and the time of death." The opinion further states (page 605):

"The contention of the plaintiff, then, is reduced to this: that she is entitled to recover for the loss of consortium during the space of one hour intervening between the injury and the death.

"Without passing upon the legal question thus presented, it is enough to say that the damages for such a brief space of time would necessarily be nominal. We so held in Lane v. Steiniger, 174 Iowa 317, 319, and in Jacobson v. Fullerton, 181 Iowa 1195. We could not, therefore, reverse for the purpose of

allowing nominal damages, even though the legal contention of plaintiff were sustained. We shall not, therefore, undertake to pass upon it."

In Lane v. Steiniger, supra, an action by a husband to recover damages on account of his wife's injury and death due to being struck by a truck, we said at pages 318, 319 of 174 Iowa:

"Had death been instantaneous, no right of action would have accrued to the husband. * * * But she survived several hours after the collision and, because of this, the husband might have maintained an action for loss of his wife's society. The damages for this necessarily would be inconsiderable; * * * 'the damages as to the plaintiff's wife must stop with the period of her existence.' * * * 'and if such injury result in causing death, her administrator may sue and recover for her estate, the value of her services as a wife or mother or both in such sum as the jury may deem proportionate to the injury resulting in her death,' * * *. All left to the husband, then, was the inconsiderable claim for loss of consortium during a few hours."

This case is cited in Acuff v. Schmit, supra. See also Mowry v. Chaney, 43 Iowa 609; Jacobson v. Fullerton, supra; Bohanan v. Maxwell, 190 Iowa 1308, 181 N.W. 683, 14 A. L. R. 1004.

 From Acuff v. Schmit, supra, it will be seen we are committed to the rule that a wife has a cause of action against one who has wrongfully or negligently so injured her husband as to deprive her of his consortium. It is clear, too, from a reading of the authorities, that the damages must stop when death occurs. In this case, plaintiff's husband survived the collision only a few minutes. This, then poses the question, did plaintiff prove damages were sustained by her in any amount capable of calculation? We hold she did not, and that the trial court was right in sustaining defendant's motion for judgment notwithstanding the verdict.

Appellant asks: "Can it be fairly said * * * that the wife of the husband who was incapacitated, sustained a loss and the widow of the deceased husband did not? Was the wife with the emasculated husband worse off after her husband's accident than was the widow after her husband's death?"

The answer is that each had her remedy. The widow, as in this case, had, through the estate, the benefit of an action, for the death of her husband. Section 635.9. By its verdict the jury, on Count I, undertook to compensate plaintiff, through the executrix as a proper conduit, for all the loss she sustained.

We quote the following from the trial court's order:

"The measure of recovery in this case by Hilda Lampe as executrix of the estate of Clarence Lampe was the present worth of the amount Clarence Lampe would reasonably be expected to save and accumulate if he had lived out his normal life. That is the amount she recovered under Count I in this cause of action. Hilda Lampe as his surviving spouse inherits her share of this amount free from any debts under section 635.9; so that theoretically, so far at least as money value is concerned, she receives the same amount under Count I as she would have received in the event Clarence Lampe had lived out his life expectancy. She is entitled to no more. Whether she receives this amount in a suit by the administrator for her benefit under section 635.9 or in a suit by her individually should be of no concern. She does receive it and this is all the relief the court can grant her."

For the reasons herein stated we must affirm the order and judgment of the trial court.

II. In view of our holding above it is not necessary to rule upon the other questions raised.—Affirmed.

LARSON, C. J., and GARFIELD, THORNTON, HAYS, and BLISS, JJ., concur.

OLIVER, J., concurs specially.

OLIVER, J. (specially concurring)—I concur in the part of the majority opinion which holds damages for loss of consortium stop upon the death of the injured spouse and that because plaintiff's husband lived only a few minutes after the collision plaintiff did not sustain damages for loss of consortium in any amount capable of calculation and therefore the trial court was right in sustaining defendant's motion for judgment notwithstanding the verdict. This part of the opinion is necessary to the decision.

However, the principal matter with which the majority opinion concerns itself is the establishment of a rule that a wife has a cause of action against one who has wrongfully or negligently so injured her husband as to deprive her of his consortium. This part of the opinion is not necessary to the decision in this case.

But the majority gives it special emphasis, stating: "From Acuff v. Schmit, supra, it will be seen we are committed to the rule that a wife has a cause of action against one who has wrongfully or negligently so injured her husband as to deprive her of his consortium." However, the Acuff case is the only one in which this court has decided this question and that decision was by a divided court.

That this question is by no means settled in this country is evidenced by the following statement in 23 A. L. R.2d 1380, in connection with an annotation upon it:

"Neither the courts nor the legal text writers are able to agree on a definition of consortium, and, while the former are almost unanimously agreed that the wife has no right of action for its loss through the negligent injury of her husband by a third person, the latter, with almost equal unanimity, feel that she should have such a right of action."

The decisions listed in the foregoing A. L. R. annotation and its supplement service show the dissenting opinion in the Acuff case is in accord with the majority rule of the courts of this country. I would follow that rule. Therefore, I disagree with this part of the majority opinion.

I am authorized to state Judges THOMPSON and PETERSON join in this special concurrence.