**Virginia A. EGAN, Administrator of the Estate of Paul Egan, Deceased, et al., Appellants,**

**v.**

**Lawrence NAYLOR, Appellee.**

**No. 55361.**

Supreme Court of Iowa.

July 3, 1973.

Joseph L. Phelan, Fort Madison, for appellants.

Fehseke & Fehseke, Fort Madison, for appellee.

Heard before MOORE, C. J., and MASON, REES, UHLENHOPP and McCORMICK, JJ.

McCORMICK, Justice.

This appeal concerns the right of children to sue for the wrongful death of a parent. Ricky P. Egan and Kimberly Ann Egan are minor children of Virginia A. Egan and decedent Paul Egan. The father was killed in a collision of his motor vehi-

cle with one driven by defendant Lawrence Naylor on June 8, 1967. The mother is administrator of her deceased husband's estate and tutrix (guardian) of the children.

The wrongful death action involved here was commenced May 20, 1971. In Division I Virginia Egan sued defendant as administrator of the Paul Egan estate for damage to his motor vehicle. In Division II the children sued defendant through their mother as guardian and next friend for loss of support occasioned by their father's death. Defendant filed a motion to dismiss both divisions on grounds involving the statute of limitations, *res judicata,* and the children's standing to sue. Trial court overruled the motion as to Division I and sustained it as to Division II, finding the children lacked standing to sue because a cause of action for wrongful death in Iowa belongs exclusively to the estate representative. We granted interlocutory appeal of the order dismissing Division II. We affirm the trial court.

I. Defendant concedes the statute of limitations and *res judicata* grounds in his motion are based on facts pleaded in the motion rather than the petition and hence could not effectively be raised by the motion to dismiss in this case. See Rick v. Boegel, 205 N.W.2d 713, 715 (Iowa 1973) ("A motion to dismiss may not be supported by its own allegations of fact, not contained in the petition under attack."). This is not a situation where it is obvious from uncontroverted facts on the face of the petition that the action is barred. Cf. Pride v. Peterson, 173 N.W.2d 549 (Iowa 1970). We are therefore only concerned with the children's standing to bring the action.

Further, the converse issue of a parent's right to sue for lost services of his child is not involved. Cf. Wardlow v. City of Keokuk, 190 N.W.2d 439 (Iowa 1971). Rule 8, Rules of Civil Procedure separately creates a parental right of action for such damages independent of a wrongful death cause.

II. Plaintiffs' principal contention is that the legislature created for them a right of action for loss of support concurrent with that of the estate representative in amending § 613.11, The Code, 1962, by enactment of 61 G.A., ch. 427, §§ 1, 2, effective July 4, 1965. The statute as amended now appears as § 613.15, The Code, 1973.

Prior to the amendment the statute read:

"613.11  Women—injury or death

In any action for damages because of the wrongful or negligent injury or death of a woman, there shall be no disabilities or restrictions, and recovery may be had on account thereof in the same manner as in cases of damage because of the wrongful or negligent injury or death of a man. In addition she, or her administrator for her estate, may recover for physician's services, nursing and hospital expense, and *the value of her services as wife, or mother,* or both, as the case may be, in such sum as the jury deems proper; provided, however, recovery for these elements of damage may not be had by the *husband,* as such, of any *woman* who, or whose administrator, is entitled to recover same."

Words stricken by the 1965 amendment are italicized. The present statute, showing in italics the words substituted by the amendment, is as follows:

"613.15  Injury or death of spouse— measure of recovery

In any action for damages because of the wrongful or negligent injury or death of a woman, there shall be no disabilities or restrictions, and recovery may be had on account thereof in the same manner as in cases of damage because of the wrongful or negligent injury or death of a man. In addition she, or her administrator for her estate, may recover for physician's services, nursing and hospital expense, *and in the case of both women and men, such person, or*

*the appropriate administrator, may re-cover the value of services and support as spouse or parent,* or both as the case may be in such sum as the jury deems proper; provided, however, recovery for these elements of damage may not be had by the *spouse and children,* as such, of any *person* who, or whose administrator, is entitled to recover same."

The 1965 amendment was entitled "An act to equalize the measure of damages for wrongful or negligent injury or death." Acts 1965 (61 G.A.) ch. 427.

The amendment did not affect other statutes relating to actions for wrongful death. They include Code §§ 611.20, 611.22 and 633.336. In relevant part they provide as follows:

"611.20 Actions survive

All causes of action shall survive and may be brought notwithstanding the death of the person entitled or liable to the same.

\*    \*    \*    \*    \*    \*

"611.22 Actions by or against legal representatives—substitution

Any action contemplated in [§ 611.20] \* \* \* may be brought, or the court, on motion, may allow the action to be continued, by \* \* \* the legal representatives or successors in interest of the deceased.

\*    \*    \*    \*    \*    \*

"633.336 Damages for wrongful death

When a wrongful act produces death, damages recovered therefor shall be disposed of as personal property belonging to the estate of the deceased \* \* \*."

The history of wrongful death actions in Iowa is traced in Cardamon v. Iowa Lutheran Hospital, 256 Iowa 506, 128 N.W.2d 226 (1964) and Fitzgerald v. Hale, 247 Iowa 1194, 78 N.W.2d 509 (1956). The 1965 amendment is discussed in the light of this history in Druker, The Question of

Damages Resulting From Recent Legislative Changes, 15 Drake L.Rev. 107 (1966).

■ Briefly summarized, these authorities demonstrate Iowa recognizes no common law action for wrongful death. Power to maintain such actions is entirely statutory. Our first statute was enacted in 1851 as Code § 2501. That section is today § 611.20, a survival statute, which keeps alive for the benefit of his estate the cause of action which the deceased prior to his death could have brought had he survived the injury, with recovery enlarged to include the wrongful death.

The original wrongful death measure of damages was the present value of the additional estate the deceased could reasonably have been expected to accumulate had he been able to live out his expectancy plus interest on his funeral expense. No distinction was made between actions for wrongful death of men and women. Later restrictions limited recovery for women. These statutes, starting with 1915 Code Supp. § 3477–a, were the predecessors of 1962 Code § 613.11. See 41 I.C.A. 277. The restrictions were subsequently removed. See § 10991–d1, The Code, 1935. However, in 1941 the legislature augmented the measure of damages in the case of a woman by permitting recovery of the "value of her services as wife, or mother, or both, as the case may be, in such sum as the jury deems proper." Acts 1941 (49 G.A.) ch. 297, § 1.

This made the measure of damages for the wrongful death of a wife or mother broader than for a husband or father. The 1965 amendment, as its title shows, was designed to equalize the measure of damages for men and women by extending the right to recover loss of services and support to husbands and fathers, in the case of injury, and to their estates, in the case of death. See Schmitt v. Jenkins Truck Lines, Inc., 260 Iowa 556, 563, 149 N.W.2d 789, 793 (1967) ("Here the evil to be remedied was an apparent inequality in the measure of damages for wrongful inju-

ry or death of a woman and those attendant upon the injury or death of a man.").

In historical context § 613.15, The Code, 1973, and its antecedents have dealt solely with measure of damages and have not been construed as granting standing to·sue. Code §§ 611.20, 611.22 and 633.336 and their predecessors have consistently been held to vest the right to recover wrongful death damages exclusively in the estate representative. Bailey v. Chicago, Burlington & Quincy Railroad Co., 179 N.W.2d 560, 566–567 (Iowa 1970); Wendelin v. Russell, 259 Iowa 1152, 1156, 147 N.W.2d 188, 191 (1966); Lampe v. Lagomarcino-Grupe Company, 251 Iowa 204, 207, 100 N.W.2d 1, 3 (1959).

■ In construing a statute we must be mindful of the state of the law when it was enacted and the evil it was designed to remedy. Overbeck v. Dillaber, 165 N.W.2d 795, 797 (Iowa 1969). It must also be harmonized, if possible, with other statutes relating to the same subject. Northwestern Bell Tel. Co. v. Hawkeye State Tel. Co., 165 N.W.2d 771, 774 (Iowa 1969).

■ Considering the 1965 amendment to what is now Code § 613.15 in the light of these principles we are persuaded the legislature did not thereby create a right of action in children to sue for loss of support from the wrongful death of a parent. Insofar as relevant to wrongful death actions, the amendment merely enlarged the measure of recovery available to an administrator for wrongful death of a husband or father to equalize it with the measure of recovery for wrongful death of a wife or mother.

■ We believe a right of action which survives a decedent is created by § 611.20; the person who may bring it is designated by § 611.22; the measure of recovery as to a spouse and parent is fixed by § 613.15; and the distribution of damages recovered is determined by § 633.336. The second sentence of § 613.15 delineates elements of damage recoverable including loss of services and support. The provisions that "recovery for these elements of damage may not be had by the spouse and children, as such, of any person who, or whose administrator, is entitled to recover same" confirms that the right of action for such damages is limited to the injured person or his estate representative.

Strong argument can be made that the right to recover for lost services and support should vest in the spouse and children instead of the administrator. Since wrongful death damages are distributed like personal property in the estate, beneficiaries other than the spouse and children may receive substantial benefit from a recovery where the decedent dies testate. This injustice is avoided in a parent's claim for lost services of his child because rule 8, R.C.P., gives that cause of action to the parent rather than the child's estate. It is anomalous that our statutes confer the right to recover for loss of services and support of a deceased spouse and parent on the decedent's estate rather than on those who incurred the loss. Since the question is legislative we are unable to fashion a judicial remedy.

III. Plaintiffs also maintain the statute of limitations was tolled on their claim by their guardian's breach of her fiduciary duty to assert it for them. We have two reasons not to reach this question. First, the contention is not supported by any well pleaded factual allegations in the petition. Cf. Pride v. Peterson, *supra*. Second, it assumes the guardian had a right to bring the wrongful death action and we have held such right belongs exclusively to the estate representative.

Trial court did not err in dismissing Division II of the petition. The case is affirmed.

Affirmed.