**Betty A. WILSON, Administratrix of the Estate of Gilbert E. Wilson, Deceased, and Betty A. Wilson, Individually, Appellants,**

v.

**IOWA POWER & LIGHT COMPANY and Daniel R. Meyers, d/b/a Meyers Electric Company, Appellees.**

No. 62281.

Supreme Court of Iowa.

June 27, 1979.

Martin E. Spellman of Spellman, Spellman, Spellman & Spellman, Perry, for appellants.

H. Randy Duncan of Duncan, Jones, Riley & Finley, Des Moines, for appellee Iowa Power & Light Co.

Peter A. Keller of McDonald & Keller, Dallas Center, for appellee Daniel Meyers.

Considered by REYNOLDSON, C. J., and UHLENHOPP, McCORMICK, McGIVERIN and LARSON, JJ.

McCORMICK, Justice.

The principal question in this appeal is whether the entirety of a personal representative's wrongful death action is subject to a defense based upon contributory negligence of the decedent. Over plaintiff's objection, the trial court instructed the jury that it is. Upon plaintiff's appeal from judgment on a jury verdict for defendants, we affirm.

In separate divisions of her petition, plaintiff Betty A. Wilson sought recovery on negligence grounds from defendants Iowa Power & Light Company and Daniel R. Meyers, d/b/a Meyers Electric Company, based on the electrocution of her husband Gilbert on June 26, 1975. As administrator of Gilbert's estate, she sought statutory wrongful death damages. As surviving spouse, she asked recovery for loss of consortium.

Defendants denied their negligence and alleged Gilbert's death was proximately caused by his own negligence.

■ When death occurs the individual loss of consortium claim is limited to damages sustained in the period between the injury and death. *Lampe v. Lagomarcino-Grupe Co.,* 251 Iowa 204, 100 N.W.2d 1 (1959). Because the evidence showed Gilbert's death was instantaneous, plaintiff abandoned her individual claim during trial.

The issue upon which the appeal is based arose when the trial court proposed to instruct the jury that plaintiff's wrongful death claim would be barred if it found defendants established their contributory negligence defense. Plaintiff made timely objection to this instruction alleging that insofar as her wrongful death claim was based on loss of services and support the defense of contributory negligence was inapplicable. Her objection was overruled.

Plaintiff now appeals the adverse jury verdict, contending the trial court erred in overruling the objection.

■ Authority to recover for wrongful death is entirely statutory in Iowa. We reviewed the provisions and history of the applicable statutes in *Egan v. Naylor,* 208 N.W.2d 915 (Iowa 1973). The right of action for wrongful death is created by section 611.20, "a survival statute, which keeps alive for the benefit of [the] estate the cause of action which the deceased prior to his death could have brought had he survived the injury, with recovery enlarged to include the wrongful death." *Id.* at 917. The cause of action for wrongful death damages belongs exclusively to the estate representative. *Id.* at 918.

■ The exclusiveness of the wrongful death remedy does not defeat a surviving spouse's cause of action for loss of consortium for the period between the decedent's injury and death. This is because the consortium action would have vested in the spouse prior to the death, would not have belonged to the decedent if he had survived, and is not affected by the survivorship statute. *Acuff v. Schmit,* 248 Iowa 272, 78 N.W.2d 480 (1956).

■ In contrast, the wrongful death action accrues only at death and depends upon whether the decedent would have been able to recover for the alleged wrongful act if he had survived. *See* § 611.20 ("All causes of action shall survive and may be brought notwithstanding the death of the person entitled or liable to the same."). We have characterized the wrongful death action as derivative in nature. *See Handeland v. Brown,* 216 N.W.2d 574, 576 (Iowa 1974) ("truly derivative actions, such as wrongful death actions"); *Irlbeck v. Pomeroy,* 210 N.W.2d 831, 832 (Iowa 1973) ("A true derivative action is one which a person may institute to redress a wrong done to another. Our survival statute § 611.20 is an example.").

In keeping with the derivative nature of a wrongful death action, we have held that a defense which would have been available

against the decedent if he had survived is good against his personal representative. *See, e. g., Aldrich v. Tracy,* 222 Iowa 84, 269 N.W. 30 (1936) (inter-spousal immunity); *Hewitt v. Ogle,* 219 Iowa 46, 256 N.W. 755 (1934) (contributory negligence). *See also Restatement (Second) of Torts* § 494 (1965) ("The plaintiff is barred from recovery for an invasion of his legally protected interest in the health or life of a third person which results from the harm or death of such third person, if the negligence of such person would have barred his own recovery."); W. Prosser, *Law of Torts* § 127 at 910 (4th ed. 1971); 1 S. Speiser, *Recovery for Wrongful Death* 2d § 5.1 at 575–577 (1975); 2 F. Harper & F. James, *The Law of Torts* § 24.4 at 1289 (1956) ("These results are logically required in a truly derivative action such as that under a survival statute.").

Plaintiff asserts that a 1976 amendment to section 633.336, The Code 1975, has changed the nature of the wrongful death action insofar as it includes a claim for loss of support and services to the decedent's spouse and children. She contends that the amendment gave the spouse and children an independent cause of action for their loss, effectively converting that part of the wrongful death claim from a survivorship action to an independent action. To the extent the claim is independent rather than derivative she argues the decedent's contributory negligence is not a defense to it.

Before it was amended, section 633.336 provided:

When a wrongful act produces death, damages recovered therefor shall be disposed of as personal property belonging to the estate of the deceased, but if the deceased leaves a spouse, child, or parent, it shall not be liable for the payment of debts of the estate, except debts and charges of the first, second, third and fifth classes.

In construing the statute in *Egan v. Naylor,* we held that this section governs the distribution of damages when a wrongful death recovery is made. 208 N.W.2d at 918.

The elements of recovery are specified in section 613.15. In *Egan* we noted the anomaly that damages for loss of services and support were distributed under section 633.336, The Code 1973, like personal property of the estate rather than necessarily to those who incurred the loss. In a subsequent case we observed this anomaly could lead to "inequitable, harsh and even bizarre results," and pointed out the desirability of amending section 633.336 to allocate the recovery to the spouse and children. *See Estate of Johnson,* 213 N.W.2d 536, 538–539 (Iowa 1973). The legislature responded by amending section 633.336 in 1976.

After its amendment by 1976 Session, 66th G.A., ch. 1227, § 4, section 633.336 provides:

When a wrongful act produces death, damages recovered therefor shall be disposed of as personal property belonging to the estate of the deceased, however, if the damages include damages for loss of services and support of a deceased spouse and parent, such damages shall be apportioned by the court among the surviving spouse and children of the decedent in such manner as the court may deem equitable consistent with the loss of services and support sustained by the surviving spouse and children respectively. If the decedent leaves a spouse, child or parent, damages for wrongful death shall not be subject to debts and charges of the decedent's estate.

We have held that the section as amended still governs the distribution of damages when wrongful death recovery occurs. *In re Estate of Parsons,* 272 N.W.2d 16 (Iowa 1978). Nothing in the amendment purports to change section 611.20 which we have said gives a wrongful death action its survivorship character. The elements of recovery are the same as before the amendment. *See* § 613.15. All that is changed is the distribution of damages, apparently in response to criticism of the prior statute noted in *Estate of Johnson.* The manner in which damages are distributed does not change the derivative nature of the action. *See Wymore v. Mahaska County,* 78 Iowa 396, 43 N.W. 264 (1889) (contributory negligence of inheriting parents not a bar to action for wrongful death of their child).

We hold that the legislature did not change the derivative nature of a wrongful death action in amending section 633.336.

We do not find it necessary to decide how the non-retrospectivity of the 1976 amendment would affect this action. *See Parsons,* 272 N.W.2d at 19.

We reserve the question whether plaintiff's separate action for loss of consortium would have been subject to the contributory negligence defense. *See Irlbeck v. Pomeroy,* 210 N.W.2d at 833–834.

We find no merit in plaintiff's assignment of error.

AFFIRMED.