AUDUBON–EXIRA READY MIX, INC., A Corporation, and Laura Toepfer Administratrix of Harold Wilfred Toepfer, Deceased; Laura Toepfer, Individually and Scott Toepfer, A Minor by His Mother and Next Friend, Appellants,

v.

ILLINOIS CENTRAL GULF RAILROAD COMPANY, A Corporation, and Roy Dishman, Appellees.

No. 68230.

Supreme Court of Iowa.

June 15, 1983.

Thomas L. McCullough, Sac City, and Robert D. Van Horne, of Terpstra, Wilkinson & Van Horne, Cedar Rapids, for appellants.

James L. Kramer of Johnson, Erb, Latham, Gibb & Carlson, P.C., Fort Dodge, for appellees.

HARRIS, Justice.

Although there are procedural discrepancies we may treat this as an interlocutory appeal from a trial court order dismissing two claims in a wrongful death suit. Harold Toepfer was killed when a truck he was driving collided with defendant's train. Among the claims were two for loss of consortium. On defendant's motion the trial court ruled, on the basis of our decision in *Weitl v. Moes,* 311 N.W.2d 259 (Iowa 1981), that the claims were not allowable. We think the claims should have been dismissed but only because by statute they belonged to decedent's legal representative.

A brief statement of the facts will suffice. A truck owned by plaintiff Audubon-Exira Ready Mix and driven by Harold Toepfer collided with an Illinois Central freight train at a crossing in Sac County, Iowa. The train was operated by defendant Dishman. Toepfer died at the scene of the accident, survived only by his wife Laura and minor son Scott. Laura was named fiduciary of his estate.

There are three counts in this wrongful death suit. At issue here, because they were dismissed, are a count for loss of spousal consortium by Laura and a count for loss of parental consortium by Scott. The question of whether these counts should be dismissed is one of law. *See Bourjaily v. Johnson County,* 167 N.W.2d 630, 632 (Iowa 1969).

A right to recover for loss of consortium has been recognized, at least to some extent, from the days of early common law. *See Acuff v. Schmit,* 248 Iowa 272, 275, 78 N.W.2d 480, 482 (1956). At one time the right was limited so that only a husband could recover for the loss and only when his wife was deliberately injured. Gradually the courts expanded the right to allow recovery for simple negligence. In *Acuff* a corresponding right in the wife was recognized when her husband was negligently injured. *Id.* at 279–80, 78 N.W.2d at 485–86.

One limitation that was commonly applied to common law consortium claims is at the center of the controversy here. At common law a consortium recovery could be had only in cases where the spouse, or later the parent, was injured. A loss of consortium claim would lie for the limited period of time between injury and death. *See Wilson v. Iowa Power & Light Co.,* 280 N.W.2d 372, 373 (Iowa 1979); *Lampe v. Lagomarcino-Grupe Co.,* 251 Iowa 204, 208, 100 N.W.2d 1, 3 (1959).

There was a certain anomaly in allowing such a claim for an injured spouse or parent but not for a more grievous loss when the spouse or parent was killed. A fear of double recovery by the wife was the primary justification for the rule. *See Lampe v. Lagomarcino-Grupe Co.,* 251 Iowa at 208–09, 100 N.W.2d at 3–4.

This dearth of recovery rights, and their inconsistency, prompted a number of legis-

lative responses. They include section 611.-20, our survival statute, section 611.22, which provides for substituting a legal representative upon the death of a party to pending litigation, and two special damage provisions, section 613.15 and Iowa R.Civ.P. 8. Section 613.15 provides:

In any action for damages because of the wrongful or negligent injury or death of a woman, there shall be no disabilities or restrictions, and recovery may be had on account thereof in the same manner as in cases of damage because of the wrongful or negligent injury or death of a man. In addition she, or her administrator for her estate, may recover for physician's services, nursing and hospital expense, and in the case of both women and men, such person, or the appropriate administrator, may recover the value of services and support as spouse or parent, or both, as the case may be, in such sum as the jury deems proper; provided, however, recovery for these elements of damage may not be had by the spouse and children, as such, of any person who, or whose administrator, is entitled to recover same.

Rule 8 provides: "A parent, or the parents, may sue for the expense and actual loss of services, companionship and society resulting from injury to or death of a minor child."

I. Our interpretations of section 613.15 have been inconsistent. In *Schmitt v. Jenkins Truck Lines, Inc.,* 170 N.W.2d 632, 664–65 (Iowa 1969), we said that the term "services" in the section included parental "affection" and "guidance":

Parental affection for the children probably will not cease after minority and the father may still continue to contribute to his children's support. That is a question for the jury to decide according to the evidence of the assurance the parental affection may give aid and support to the child after maturity.

The jury in considering loss to the children by their parents' deaths is not limited to the time during which they are minors if it can conclude from the evidence such services would have continued after they attained majority. There is no such limitation in the statute, The Question of Damages Resulting From Recent Legislative Changes, [15 Drake L.Rev. 107, 114 (1966)] nor is there any such limitation in the value of the mother's services or a father's protection to their children at the critical period of their lives when they are about to enter into more or less distinct and separate lives upon attaining their maturity. Damages are not restricted to loss of benefits to which plaintiffs have a legal right. [Authority.]

The author of the article in the Drake Law Review cited supra suggests "the time element involved in the . . . [fourth item—services and support] would be from the date of the decedent's death until the termination of his normal expectancy or the expectancy of his wife, whichever might be the shorter, plus in the case of children until such time as they might no longer need the decedent's support and services."

Other jurisdictions which have considered the question of duration of a child's loss of services suffered as a result of his parents' deaths have held the jury is not limited in fixing the award to the period the child is a minor. [Authorities.]

. . . .

The Schmitt children had a right to look forward to care, advice and counsel from Dorothy for the remaining 33.97 years of normal life expectancy and from Theodore for 28.67 years. Even adult and married children have the right to expect the benefit of good parental advice and guidance.

Our statute permits the jury to include in its award the value of support as a parent and contains no limitation as to time element during which a child has the right to expect financial aid. "In the absence of a statute limiting the recovery of a minor child for the death of his parent to pecuniary loss during minority, a child may recover for the loss of pecuniary benefits which he might reasonably have expected after majority, . . . since

damages are not restricted to such loss of benefits to which the infant had a legal right." [Authorities.]

In *Hankins v. Derby,* 211 N.W.2d 581, 585–86 (Iowa 1973), we declined to recognize a child's independent cause of action for loss of parental consortium. We reasoned that a child's loss of parental consortium was a part of the section 613.15 recovery by the parents:

Further, we find ourselves inhibited from declaring that minor plaintiff has a maintainable cause of action by the provisions of section 613.15. . . .

. . . .

Plaintiff reminds us that in *Schmitt v. Jenkins Truck Lines, Inc.,* 170 N.W.2d 632, 664–65 (Iowa 1969), this court said:

"Section 613.15 permits recovery for the value of services decedents might and would have rendered in training and educating their children. . . .

"The Schmitt children had a right to look forward to care, advice and counsel from Dorothy (mother) for the remaining 33.97 years of normal life expectance and from Theodore (father) for 28.67 years. Even adult and married children have the right to expect the benefit of good parental advice and guidance."

. . . . [S]ection 613.15 . . . clearly permits recovery for all of the elements of damages asserted by plaintiff in the matter before us. It limits procedurally only the manner in which and the proper party by whom, the cause of action may be maintained, irrespective of plaintiff's assertion that the final phrase of section 613.15, which is italicized above, is not applicable here since the injury for which the parent is allowed recovery is "not the same injury that the child has suffered."

We incline more to the belief that the factual situation before us here is exactly that envisioned by the legislature in the enactment and passage of section 613.15.

In *Iowa-Des Moines National Bank v. Schwerman Trucking Co.,* 288 N.W.2d 198, 204 (Iowa 1980), we said:

There remains the question whether trial court should have given defendants' requested instruction directing the jury to make no award for sentiment, grief, or loss of companionship. In the context of parent-child relationships, we find no reason to assume the legislature intended loss of "services" as used in section 613.-15, The Code, to have a different meaning from loss of "services" in former Iowa R.Civ.P. 8. We construed the latter provision to include loss of companionship and society. [Authorities.] At the same time, the term does not include "grief, mental anguish or suffering," *id.,* and upon retrial the jury should be so instructed.

■ The opinion in *Weitl v. Moes,* 311 N.W.2d 259, 263–65 (Iowa 1981), adopting a different interpretation of "services" in the section, was only a plurality decision. Because a majority of the members of this court did not join in that interpretation the holding falls outside the rule of stare decisis and is not binding as precedent. *See* 20 Am Jur 2d, *Courts,* § 195, at 531 (1965); 21 C.J.S. *Courts* § 189 at 305–06 (1940).[1] Hence the *Weitl* conclusion that "services" under section 613.15 did not include intangible consortium elements furnishes no binding precedent here.

■ II. We think the legislature did not intend to withhold a child's parental consortium cause when a parent is killed while allowing such a cause when the parent is merely injured. Plainly such an arbitrary result is not compelled by the language of section 613.15. Such a recovery should be allowed when the parent is either killed or injured. Damages for the parent who is killed, recovered by an administrator, are to

1. Our opinion in *Schmitt v. Jenkins Truck Lines, Inc.,* previously discussed was also a plurality opinion. But *Schmitt* has been cited with approval and followed in our majority opinion in *Hankins v. Derby,* 211 N.W.2d at 586, and was cited with approval in *Iowa-Des Moines National Bank v. Schwerman Trucking Co.,* 288 N.W.2d at 204. *Schmitt* has thus become authoritative precedent.

be distributed by the trial court under section 633.336. When an injured parent recovers for the child the jury or finder of facts should make a separate finding, specially fixing the amount of any such recovery. Amounts so recovered for the child are the child's property. *See* Iowa R.Civ.P. 12. Conservatorship provisions of the probate code then become applicable. *See* Iowa Code §§ 633.566, .567, and .574 (1983). We hold that "services" under section 613.-15 includes parental consortium damages, without regard to whether the parent is injured or killed.

■ This disposition requires a retraction of the child's independent claim for parental consortium, granted in *Weitl.* The term "services" in section 613.15 can have but one meaning and that meaning should be followed in cases of both parental injury or death.

■ Another aspect of the *Weitl* decision which should be reconsidered is the length of time parental consortium damages are recoverable. *Weitl* held that a child's damages for loss of consortium should be limited to the period of the child's minority, "even though we recognize that adult children may also benefit from their parent's society and companionship." 311 N.W.2d at 270. Such a limitation could be said to provide parity with a parent's limited right of recovery under rule 8; but we think it is unnecessarily limited in scope. As we recognized in *Schmitt,* "[e]ven adult and married children have the right to expect the benefit of good parental advice and guidance." 170 N.W.2d at 665. The finder of fact should be able to evaluate the extent of the children's loss of parental consortium. The loss will normally be less as the child gets older; but it is not a matter to be decided solely on the basis of the child's date of birth. *See Iowa-Des Moines National Bank,* 288 N.W.2d at 204 ("Adult children can recover loss of services and support"); *Schmitt,* 170 N.W.2d at 664–65.

■ The trial court was correct in striking Scott's claim for loss of parental consortium but only because Scott was the wrong party to bring it. In the case of a parent's death, the child's claim for loss of parental consortium should be brought by the decedent's administrator under section 613.15. In the case of a parent's injury, the injured parent is the proper party to recover for the child under section 613.15. To the extent our plurality opinion in *Weitl* (1) granted a child an independent right to bring such an action and (2) to the extent that it interpreted section 613.15 to exclude intangible consortium damages, and (3) to the extent it limited the period of damages to the child's minority, it is overruled.

■ III. As noted, a claim for loss of spousal consortium has been held to end at the death of the injured spouse; only the period between the injury and death was compensable. *E.g., Wilson v. Iowa Power & Light Co.,* 280 N.W.2d at 373; *Lampe v. Lagomarcino-Grupe Co.,* 251 Iowa at 208, 100 N.W.2d at 3. Furthermore, administrators could not collect post-death spousal consortium damages for the benefit of the surviving spouse. *See Weitl,* 311 N.W.2d at 263. On this basis Laura's claim for spousal consortium was dismissed by the trial court.

In the previous division we concluded that "services" in section 613.15 should be interpreted to include intangible parental consortium elements to avoid depriving a surviving child of a recovery for parental consortium when a parent is killed. We now also conclude that a surviving spouse's loss of post-death consortium is no less deserving of recognition. Accordingly we hold that spousal "services" in section 613.-15 should receive the same interpretation. Our cases to the contrary, cited above, are overruled.

■ The administrator, not Laura, should bring the claim for Laura's loss of post-death spousal consortium. "[T]he statute cannot have two meanings, depending on the party to whom it is applied." *Weitl,* 311 N.W.2d at 263. Because the term "services" includes parental consortium elements it also includes the elements of a spousal consortium claim. There is no logical reason to distinguish between the two claims.

Neither do we believe that a surviving spouse's loss terminates upon the death of an injured spouse. On the contrary, the loss is exacerbated. Once again it should be for the finder of facts to evaluate the extent of the loss.

Laura's independent claim, therefore, passed to the administrator upon Harold's death and should be brought under section 613.15.[2] Any recovery by the administrator would again be subject to section 633.336. The period of damages is limited by the lesser of the two life expectancies. *See Schmitt,* 170 N.W.2d at 664–65.

IV. We conclude that the trial court correctly struck the two divisions of plaintiff's petition, but only because the wrong parties were asserting them. Both claims should be brought by the administrator, not by Scott or Laura individually.

AFFIRMED.

All Justices concur, except WOLLE, UHLENHOPP and McGIVERIN, JJ., who dissent.

WOLLE, Justice (dissenting).

I agree with the result reached in the majority opinion. The trial court correctly dismissed the two separate wrongful death claims for loss of consortium, that for loss of spousal consortium asserted by the decedent's wife Laura and that for loss of parental consortium asserted by the decedent's son Scott. I disagree with the grounds on which the majority reaches its decision, agreeing rather with the trial court that the separate claims for loss of consortium are not allowed under the Iowa statutes which create and thereby delimit causes of action for wrongful death in Iowa.

At common law, wrongful death actions were not recognized; in Iowa and most other common law jurisdictions, recovery for wrongful death is entirely statutory. *Wilson v. Iowa Power & Light Co.,* 280 N.W.2d 372, 373 (Iowa 1979); *Major v. Burlington C.R. & N. Ry.,* 115 Iowa 309, 88 N.W. 815 (1902); *Restatement (Second) of Torts,* §§ 693, 925 and comment a (1976).

In *Egan v. Naylor,* 208 N.W.2d 915 (Iowa 1973), this court upheld the dismissal of a child's action for wrongful death of a parent, a claim very similar to that here asserted on behalf of the plaintiff Scott. The *Egan* case reviewed Iowa's wrongful death statutes, summarized Iowa authorities, and confirmed that Iowa recognizes no common law action for wrongful death. Responding to the argument that our wrongful death statutes do not fashion the same rights and remedies for different categories of plaintiff, this Court said:

It is anomalous that our statutes confer the right to recover for loss of services and support of a deceased spouse and parent on the decedent's estate rather than on those who incurred the loss. Since the question is legislative we are unable to fashion a judicial remedy.

208 N.W.2d at 918.

Just as the majority opinion would allow the administrator to recover loss of parental consortium as a part of wrongful death damages, a recovery not allowed in *Egan,* so would the majority now also allow the administrator to recover loss of spousal consortium, a wrongful death claim consistently rejected. *Wilson v. Iowa Power & Light Co.,* 280 N.W.2d 372, 373 (Iowa 1979); *Acuff v. Schmit,* 248 Iowa 272, 78 N.W.2d 480 (1956).

Our wrongful death statutes have not been changed since the cited decisions deny-

2. We have not ignored the argument that our interpretation might seem to call for different definitions of the term "services" as it relates to consortium under the section. This is because the claim belongs to the spouse of an injured person but belongs to the administrator of a deceased person. Although the spouse may hold the claim in one situation and not in the other, the nature of "services" and "consor-

tium" will be the same in either case. The reason the claim shifts from spouse to administrator (asserting for the spouse) is largely historic. *See* 22 Am Jur 2d, *Death,* § 13, pp. 616–17 (1965). As explained above, our statutory scheme provides for the assertion of wrongful death claims under section 613.15 and for their equitable distribution under section 633.336.

ing loss of consortium in wrongful death cases. We ought not now create new measures of damage for wrongful death by judicial decision when the legislature has not changed the applicable statutes.

I would affirm both the trial court's ruling and the reasons given for its ruling.

UHLENHOPP and McGIVERIN, JJ., join this dissent.