Raymond M. LANG, Administrator with Will Annexed for the Estate of Ray R. Beckett, Deceased, Plaintiff,

v.

UNITED STATES of America, Defendant.

No. 4–976–D.

United States District Court,
S. D. Iowa,
Davenport Division.

Richard C. MORGAN, Executor of the Estate of Marijane S. Morgan, Deceased, et al., Plaintiffs,

v.

UNITED STATES of America, Defendant.

No. 11–331–C–1.

United States District Court,
S. D. Iowa, C. D.
March 30, 1973.

John H. Smith, Smith, Dickey & Smith, Keokuk, Iowa, for plaintiff in No. 4–976–D.

Allen L. Donielson, U. S. Atty., Robert L. Fanter, Asst. U. S. Atty., Des Moines, Iowa, for defendants.

Bruce B. Graves, Swift, Brown, Rogers, Winick & Randall, Des Moines, Iowa, for plaintiffs in No. 11–331–C–1.

## MEMORANDUM

STUART, District Judge.

As the essential facts and claims in the above entitled actions are identical, the Court has considered them together although they have not been consolidated because of objections raised by counsel. A copy of this memorandum will be filed in each case.

Both cases involve claims for refund of federal estate tax paid on the proceeds from wrongful death settlements which proceeds were included as part of the estate of the deceased for estate tax purposes. The government claims these proceeds were properly includible in the decedent's gross estate either under 26 U.S.C. § 2033 or § 2041(a)(2).

The sole issue is whether the proceeds recovered in Iowa as damages under the wrongful death statutes are includible in decedent's estate for federal estate tax purposes.

The facts in both actions have been fully stipulated and the pertinent facts may be summarized as follows:

### Morgan Estate

Marijane Morgan was killed instantaneously in an automobile accident in Greene County, Iowa, on September 27, 1964. A claim was made against the tort-feasor's estate by her executor which was settled by payment of $20,000. The amount paid in settlement consisted solely of the settlement proceeds for Mrs. Morgan's wrongful death. A deficiency of $1,837.10 was assessed against Mrs. Morgan's estate by the Internal Revenue Service because the settlement proceeds were not included in the estate. After payment of the deficiency and filing of claims for refund, this suit was timely filed.

### Beckett Estate

Ray Beckett and his wife Violet were killed as a result of an explosion in the

National Guard Armory in Keokuk, Iowa, on November 24, 1965. Mrs. Beckett died the day of the explosion but Mr. Beckett survived until December 2, 1965. Ray Beckett was his wife's sole heir. Raymond Lang was appointed administrator of Ray Beckett's Estate. Wrongful death claims were made on behalf of Mr. and Mrs. Beckett against the Keokuk Gas Company and settled by payments of $85,000 and $60,000 respectively. The Internal Revenue Service concluded that each recovery should have been included in Ray Beckett's Estate and assessed a deficiency of $39,312.48 against it. This suit was timely filed after the deficiency was paid and a claim for refund denied.

## I

The first issue to be determined is whether the recovery for wrongful death under the Iowa law is includible in decedent's gross estate under 26 U.S.C. § 2033, which provides:

"The value of the gross estate shall include the value of all property to the extent of the interest therein of the decedent at the time of his death."

Most states adopted a "Lord Campbell's Act" which created a new cause of action for wrongful death for the benefit of the spouse and children. Recoveries for wrongful death under these statutes are not taxed under 26 U.S.C. § 2033. Rev.Rul. 69–8, 1969 Cum.Bul. 219; Rev.Rul. 68–88, 1968 Cum.Bul. 397; Rev.Rul. 54–19, 1954 Cum.Bul. 179.

The problem arises because Iowa adopted a "survival statute" Iowa Code § 611.20, which provides: "All causes of action shall survive and may brought notwithstanding the death of the person entitled or liable to the same."

Section 611.22 provides: "Actions by or against legal representatives—substitution. Any action contemplated in sections 611.20 and 611.21 may be brought, or the court, on motion, may allow the action to be continued, by or against the legal representatives or successors in in-terest of the deceased. Such action shall be deemed a continuing one, and to have accrued to such representative or successor at the time it would have accrued to the deceased if he had survived."

Damages for wrongful death are covered by these statutes because Iowa Code § 633.336 provides: "When a wrongful act produces death, damages recovered therefor shall be disposed of as personal property belonging to the estate of the deceased, but if the deceased leaves a spouse, child, or parent, it shall not be liable for the payment of debts of the estate, except debts and charges of the first [court costs], second [other costs of administration], third [funeral expenses] and fifth [medical expenses of last illness] classes."

Section 613.15 provides that a recovery for wrongful death may include "the value of services and support as spouse or parent or both, as the case may be, * * * provided, however, recovery for these elements of damage may not be had by the spouse and children, as such, of any person who, or whose administrator, is entitled to recover same." (Effective date July 4, 1965).

■ The government argues the tax is upon the transfer of the taxable estate because of decedent's death and is not assessed against the decedent but against the administrator and is *determined by the interest that passes rather than that which is terminated or created.* United States v. Land (5th Cir., 1962), 303 F.2d 170, cited as support for the italicized statement, is not in point. It states that the *value* of property in the estate is determined by its *value* as of the instant of death. It is no authority for the proposition stated in the brief. The fact that the tax may be on the transfer of the taxable estate valued as of the instant of death does not aid in determining what property interests should be included in such estate.

The Second Circuit Court of Appeals considered the exact issue involved here in Connecticut Bank and Trust Company

v. United States (2nd Cir., 1972), 465 F.2d 760, 763. The Connecticut statute is similar to Iowa's statute. The Court said:

"The differences in results under the two types of statutes may be more theoretical than real, * * * but in any event, these differences have little relevance concerning the question of whether or not the right of action for wrongful death was *property owned at death.*

"Simple logic mandates the conclusion that an action for wrongful death cannot exist until a decedent has died, at which point, he is no longer a person capable of owning any property interests. The Government's reply to this is that at the very instant of death the right of action arose which the decedent was then capable of owning at death. The only authorities cited for this position, however, are cases where *preexisting* property interests were *valued* as of the instant of death, but valuation at time of death of prior existing interests is a far different concern from that in this case where the property interest itself has sprung from the fact that the death has taken place.

" * * * Where, as here, there was no property interest in the decedent which passed by virtue of his death, but rather one which arose after his death, such an interest is not property owned at death and not part of the gross estate under § 2033."

▪ I agree with the reasoning and holding of the Second Circuit.

▪ The government attempts to distinguish the Connecticut case because "Connecticut excludes the proceeds of the recovery for inheritance tax purposes whereas Iowa does not". This Court is not concerned with the propriety of an attorney general opinion rendered in 1919 so holding. The taxability of the proceeds, from a wrongful death claim under the Iowa Inheritance Tax laws are for the Iowa courts. I am confronted with the taxability of such funds under § 2033. I cannot hold that

a claim for wrongful death was property deceased had an interest in "at the time of his death".

## II

Government's claim that the wrongful death proceeds are subject to a § 2041 power of appointment because they are distributed under the terms of decedent's will was also considered by the Second Circuit in Connecticut Bank & Trust Company v. United States, supra. The Court said:

"This, in effect, asserts that any property which is distributed according to a testamentary disposition is taxable as part of the gross estate, a view which enlarges the statute far beyond the purposes intended for it by Congress. A sufficient answer to the Government's position is that, at the very least, property subject to a § 2041 power of appointment must be in existence prior to the time of the decedent's death, cf. United States v. Merchants National Bank of Mobile, 261 F.2d 570, 573 (5 Cir. 1958).

"Section 2041 was never intended to encompass within the gross estate what the Government now claims. If the Government were correct, then income earned during the administration of an estate and later distributed according to the terms of the will would be included in the value of the gross estate under § 2041, but it is abundantly clear that such income is not subject to the estate tax, Alston v. United States, 349 F.2d 87, 88–89 (5 Cir. 1965); Waldrop v. United States, 137 F.Supp. 753, 756, 133 Ct.Cl. 902 (1956); see also, Maass v. Higgins, 312 U.S. 443, 61 S.Ct. 631, 85 L. Ed. 940 (1941).

· "Moreover § 2041(a)(2) provides that '[a] disclaimer or renunciation of such a power of appointment shall not be deemed a release of such power'. 'If a decedent exercises this right [to disclaim], the value of the property as to which he has renounced the power will not be included in his gross estate', Jenkins v. United States, 428 F.2d 538,

550 (5 Cir.), cert. denied, 400 U.S. 829, 91 S.Ct. 59, 27 L.Ed.2d 59 (1970); see also, 26 C.F.R. § 20.2041–3(d)(6) (1972). Under the Government's theory, however, it would be impossible for the decedent to renounce his 'general power of appointment' over the wrongful death proceeds, because they did not exist prior to his death."

 I agree with this reasoning and holding and adopt it in this case.

I therefore hold that the amount of money recovered in Iowa for wrongful death is not includible in decedent's estate for federal estate tax purposes.

It is not clear to the Court whether the deficiency of $39,312.48 levied against the Beckett Estate included the tax on the $60,000 settlement for the death of Violet Beckett which went into the Ray Beckett Estate. It is not argued that this settlement is not taxable as a part of his estate. Nor is it argued that part of the $85,000 included damages for personal injuries sustained by Beckett during the few days he survived after the explosion.

It is my opinion that Raymond M. Lang, Administrator C/T/A of the Estate of Ray R. Beckett, deceased is entitled to refund of estate tax and interest paid the defendant on the proceeds of the wrongful death settlement of $85,000 for the death of Ray R. Beckett. Counsel in this case are ORDERED to stipulate as to the correct amount of the refund.

It is also my opinion that Richard C. Morgan, Executor of the Estate of Marijane S. Morgan and the other named plaintiffs are entitled to a refund of estate tax paid the defendant in the amount of $1837.10 on the proceeds of the wrongful death settlement of $20,000 for the death of Marijane S. Morgan.

The Clerk of the Court is authorized and directed to enter appropriate judgment in each case in accordance herewith together with interest as provided by law and the costs of each case.