In the Matter of the ESTATE of Gerald
Eugene DIELEMAN

v.

DEPARTMENT OF REVENUE, State
of Iowa, Appellant.

No. 2–57046.

Supreme Court of Iowa.

Oct. 16, 1974.

Richard C. Turner, Atty. Gen., George W.
Murray, Special Asst. Atty. Gen., and Harry
M. Griger, Asst. Atty. Gen., for appellant.

Hammer, Matthias, Tyler & Levin, of Newton, for appellee.

Heard by MOORE, C. J., and MASON, RAWLINGS, LeGRAND and REYNOLDSON, JJ.

REYNOLDSON, Justice.

This decedent was killed in a two-truck collision on February 3, 1972. He was survived by a wife and two minor children. An action for his wrongful death was compromised and settled for $117,166. The administrator brought this application in the probate proceeding, seeking an adjudication these proceeds were not subject to Iowa inheritance tax. The application was resisted by the Department of Revenue. Trial court held the wrongful death proceeds were not subject to such tax, and the department has appealed. We affirm.

 I. The sole issue is not one of fact, but rather one of statutory interpretation and application. We are not bound by trial court's determinations of law. Farmers Insurance Group v. Merryweather, 214 N.W.2d 184, 187 (Iowa 1974). In any event, the proceeding below was in equity and our review is de novo. Section 633.33, The Code; In re Estate of Cory, 184 N.W.2d 693, 696 (Iowa 1971).

II. Trial court held the wrongful death proceeds non-taxable on two grounds: 1) they were not property subject to tax under the provisions of chapter 450, The Code, and 2) they were exempt from taxation under § 633.336, The Code. Our finding the court was right on the first ground makes it unnecessary for us to consider the second.

The administrator's position, adopted by trial court, is that § 450.2 imposes a tax only upon property in which the decedent, prior to death, held some interest. She argues wrongful death proceeds are never owned by the decedent, citing as support Lang v. United States, 356 F.Supp. 546 (S.D.Iowa 1973). The federal statute involved in *Lang* provided:

"The value of the gross estate shall include the value of all property to the extent of the interest therein of the decedent at the time of his death."—26 U.S.C. § 2033.

The federal district court in *Lang* reasoned a cause of action for wrongful death does not arise until after decedent's death; therefore the proceeds are not property in which decedent had an interest at the time of his death.

Although applied in a different situation, this rationale from *Lang* was adopted by our court in In re Estate of Johnson, 213 N.W.2d 536 (Iowa 1973).

From this premise trial court concluded "such proceeds are not property of the decedent that passes on to those who may be entitled to same and, therefore, such proceeds are not subject to or liable for Iowa Inheritance Taxes."

The department does not contest the validity of the premise but argues its relevancy. It asserts decedent's interest is irrelevant if, in fact, the proceeds pass to distributees under the will or by intestacy. Unlike the federal estate tax, which is a tax upon decedent's estate, the inheritance tax is a tax upon each right of succession and is chargeable upon the property each beneficiary receives. In re Millard's Estate, 251 Iowa 1282, 1291, 105 N.W.2d 95, 101 (1960). In essence, the department contends the federal estate tax is upon property decedent is passing (thus necessitating he have some interest therein) while the state inheritance tax is upon property the distributees are receiving (with decedent's interest in such property being irrelevant).

 The administrator points to § 450.2 as describing the property subject to Iowa inheritance tax:

"The estates of all deceased persons in any property * * * which shall pass in any manner herein described shall be subject to tax as herein provided."

The full context of this section makes four references to decedent's proprietary interest in property.

The department concentrates its attention on the following portion of § 450.3:

"The tax hereby imposed shall be collected upon the net market value and shall go into the general fund of the state to be determined as herein provided, of any property passing:

1. By will or under the statutes of inheritance of this or any other state or country."

The two statutes should be construed in pari materia. See Northern Natural Gas Company v. Forst, 205 N.W.2d 692, 695–696 (Iowa 1973). Here the two should be considered as an integrated whole as they were enacted as one statute and only subsequently editorially divided. See Acts of 39 G.A., ch. 38, § 2 (1921).

Also applicable is the rule that ordinarily taxing statutes are to be construed against the taxing authority and in favor of the taxpayer. *Northern Natural Gas Company*, supra at 697, and citations. It must appear from the language of the statute the tax assessed against the taxpayer was clearly intended. Dodgen Industries, Inc. v. Iowa State Tax Commission, 160 N.W.2d 289, 296 (Iowa 1968).

Reading sections 450.2 and 450.3 together as the one piece of legislation they initially were, the word "property" was obviously used in the same context in both the above quoted portions. It seems apparent the "property" passing by will or intestacy referred to in § 450.3(1) must be all or a portion of the same "property" in which decedent must have had an interest in order for the tax to be imposed under the provisions of § 450.2.

In the final analysis, the broad basic concept of an inheritance (succession) tax is to levy a duty on the shifting of the economic benefits and enjoyment of property from the dead to the living. Knowlton v.

Moore, 178 U.S. 41, 56, 20 S.Ct. 747, 753, 44 L.Ed. 969, 976 (1900); In re Estate of Anderson, 166 Iowa 617, 622, 147 N.W. 1098, 1099 (1914), affirmed Petersen v. Iowa ex rel. State Treasurer, 245 U.S. 170, 38 S.Ct. 109, 62 L.Ed. 225 (1917); Gregg v. Commissioner of Corporations and Taxation, 315 Mass. 704, 706, 54 N.E.2d 169, 170 (1944). Our interpretation of § 450.2, that property is taxable only when the decedent had some interest in it at or prior to death, is reinforced by language found in other statutes comprising chapter 450, The Code. See for example § 450.3(2) ("* * * grantor or donor * * *"); § 450.3(5) ("* * * interest of a decedent in property * *"); § 450.6 ("The tax hereby imposed * * * shall accrue at the death of the decedent owner * * *"); § 450.7(1)(b) ("* * * from the date of death of the decedent owner * * *"). In In re Estate of Johnson, supra, we held decedent had no interest in the proceeds of a claim for his wrongful death as would entitle his widow to all or a portion thereof as exempt property. It would now be an anomaly, in order to satisfy the above basic philosophy of a succession tax, to hold decedent in fact had such an interest that the proceeds were subject to Iowa inheritance tax.

The department adroitly argues a claim for wrongful death is an asset of decedent's estate and therefore is taxed under the language of § 450.2, "The estates of all deceased persons in any property * * *." However, in our view, the word "estates" as it appears in that provision refers to the interest of the decedent in property. See Black's Law Dictionary (Revised Fourth Edition 1968), p. 643, "ESTATE. The interest which any one has in lands, or in any other subject of property." To interpret "estates" as used in the above quoted portion of § 450.2 to mean the corpus of the property the fiduciary administers is to read out of the quotation the phrase "in any property."

In any event, we have yet to hold wrongful death damages are an asset of the decedent's estate. Nor does § 633.336, The

Code, do more than direct how wrongful death proceeds are to be distributed. See Jones, Civil Liability for Wrongful Death in Iowa, 11 Iowa L.Rev. 28, 29 (1925) ("It [now § 633.336] merely makes the estate a conduit of payment to the distributees.") If, as the department claims, wrongful death proceeds are clearly personal property in decedent's estate, there would be no cause for the legislature to enact this statute in the first instance.

Further, if the legislature intended such proceeds to be personal property in the estate it would have been simple enough for it to have stated the damages "shall be personal property belonging to the estate." However, the statutory language is, " * * * shall be disposed of as personal property belonging to the estate * * *." This language caused us to observe in Egan v. Naylor, 208 N.W.2d 915, 918 (Iowa 1973) that " * * * wrongful death damages are distributed *like* personal property in the estate * * *." (Emphasis added.)

▉▉ Apparently the legislature recognized damages for wrongful death were sui generis and required a formula for distribution which it then dictated in § 633.336. We have noted that such formula, viewed in light of the elements comprising wrongful death damages, frequently produces inequitable distributions. In re Estate of Johnson, supra, 213 N.W.2d at 539. Nonetheless, while § 633.336 allows wrongful death damages to pass by will or intestacy, thus satisfying the requirement of § 450.3(1), these funds do not satisfy the § 450.2 requirement that decedent must have had an interest in the taxable property.

Construing these sections against the department, as we must, we hold wrongful death damages are not subject to Iowa inheritance tax.

Affirmed.