STATE of Iowa ex rel. Janet Ann GUTWILER, Appellant,

v.

Rodney Allen DICKEY, Appellee.

No. 92–66.

Supreme Court of Iowa.

March 24, 1993.

---

Bonnie J. Campbell, Atty. Gen., John M. Parmeter, Special Asst. Atty. Gen., E. Dean Metz, Asst. Atty. Gen., and Gregory Hilton, Asst. County Atty., for appellant.

Bradley Norton of Norton & Norton, Lowden, for appellee.

Considered by LARSON, P.J., and SCHULTZ, LAVORATO, SNELL, and ANDREASEN, JJ.

LAVORATO, Justice.

In this paternity action, the district court set aside a default judgment for support under Iowa Code chapter 252A (1989). The State appealed. We reverse and remand with directions to reinstate the judgment.

The State filed a paternity action alleging that Rodney Dickey was the father of Jonathan Gutwiler, a child born to Janet Gutwiler on March 15, 1984. *See generally* Iowa Code ch. 252A. The petition sought child support from Rodney.

The petition was filed on March 7, 1990. Rodney was personally served on March 13, 1990, but he failed to appear, move, or answer. On June 6, 1990, the district court entered a default judgment for support, finding that Dickey is the father of the child. The court set child support at $35 per week, beginning June 8, 1990.

On November 22, 1991—about seventeen months later—Dickey filed a motion to set aside the default. Citing Iowa Rule of Civil Procedure 117, the district court set aside the default. It is from this ruling that the State appeals.

Our review is de novo. *See* Iowa R.App.P. 4. The facts are undisputed, leaving for our consideration questions of statutory construction. In deciding these law questions, we are not bound by the district court's determination. *See In re Estate of Dieleman v. Iowa Dep't of Revenue*, 222 N.W.2d 459, 460 (Iowa 1974).

The district court's order setting aside the default said:

The order for support was signed June 6, 1990. The motion for the order was filed June 29, 1990, together with the [order for support]. Motions are governed by Rule 117 which requires that they be on file 10 days prior to ruling. For these reasons the order was improperly granted and the default is set aside.

Contrary to this ruling that Dickey seeks to uphold, we think Iowa Rule of Civil Procedure 117 simply does not apply to motions for default judgment like the one here. We reach that conclusion for the reasons that follow.

Iowa Rule of Civil Procedure 230 pertinently defines a default this way:

A party shall be in default whenever that party: (a) fails to serve, and within a reasonable time thereafter file, a motion or answer as required in R.C.P. 53 or 54, or, has appeared, without thereafter serving any motion or pleading as stated in R.C.P. 87; or (b) fails to move or plead further as required in R.C.P. 86....

Iowa Rule of Civil Procedure 231 provides when a default may be entered:

If a party not under legal disability or not a prisoner in a reformatory or penitentiary is in default under R.C.P. 230 "a", the clerk, on demand of the adverse party, must forthwith enter such default

of record without any order of court. *All other defaults shall be entered by the court.*

(Emphasis added.)

Iowa Rule of Civil Procedure 232 provides how a judgment on a default is to be rendered:

Judgment upon a default shall be rendered as follows:

a. Where the claim is for a sum certain, or which by computation, can be made certain, the clerk, upon request, shall make such computation as may be necessary, and upon affidavit that the amount is due shall enter judgment for that amount, and costs against the party in default.

b. *In all cases the court on motion of the prevailing party,* shall order the judgment to which the prevailing party is entitled, provided notice and opportunity to respond has been given to any party who has appeared, and the clerk shall enter the judgment so ordered. If no judge is holding court in the county, such order may be made by a judge anywhere in the judicial district as provided in R.C.P. 120.

(Emphasis added.)

■ Here Dickey did not file a motion or pleading within twenty days after the service of original notice on him. Nor did he appear in any other manner within such time. So he was in default. *See* Iowa R.Civ.P. 232(b); Iowa R.Civ.P. 53.

The State moved for default pursuant to Iowa Rule of Civil Procedure 232(b). The State was entitled to an order for default judgment unless the provisions of Iowa Rule of Civil Procedure 117 apply. Rule 117 pertinently provides:

a. The chief judge of each judicial district shall provide by order for at least one motion day to be held each month in each county, when all motions made prior to trial *on issues of fact on file ten days* or more shall be deemed submitted....

. . . .

(Emphasis added.)

■ Whether the ten day requirement in Rule 117 applies to a motion for default like the one here turns on the italicized words "on issues of fact" in the rule. These words, we think, clearly contemplate that there are issues of fact raised in some manner. Issues of fact do not arise unless one party claims something factually that the opposing party denies. A motion for default on the grounds that a defendant has not appeared, moved, or answered is not a motion "on issues of fact." In such circumstances there is no opposing party, so no issues of fact have been raised. For this reason Rule 117 does not apply to such motions.

■ Dickey could have moved to set aside the default judgment under Iowa Rule of Civil Procedure 236. He could have also moved to vacate the judgment under Iowa Rules of Civil Procedure 252 and 253. Rule 236 requires action not more than sixty days after entry of judgment. Rule 253 requires action within one year after the rendition of judgment. Dickey was too late under both rules.

We have considered all the contentions and arguments raised whether or not we have discussed them. Because we conclude Iowa Rule of Civil Procedure 117 does not apply to motions for default based on failure to appear, move, or plead, we reverse the district court ruling to the contrary. We remand for an order reinstating the judgment of support.

**REVERSED AND REMANDED WITH DIRECTIONS.**