# IN THE COURT OF APPEALS OF IOWA

————————————

No. 25-0736
Filed February 25, 2026

————————————

**Eric Emil Groves,**
Petitioner–Appellee,

v.

**Mynesia Airiona Anderson,**
Respondent–Appellant.

————————————

Appeal from the Iowa District Court for Black Hawk County,
The Honorable Melissa Anderson-Seeber, Judge.

————————————

**AFFIRMED**

————————————

Mynesia Airiona Anderson, Greenville, Mississippi,
self-represented appellant.

————————————

Considered without oral argument
by Tabor, C.J., and Badding and Sandy, JJ.
Opinion by Badding, J.

**BADDING, Judge.**

Eric Groves and Mynesia Anderson are the unmarried parents of a minor child. This case began in December 2016, when Groves filed a petition to establish the child's custody. *See* Iowa Code § 600B.40 (2016). A sheriff's deputy tried to serve the petition at Anderson's last known address, but the tenants there had "never heard of [her]." Groves made no further attempts at personal service. Instead, with the court's permission, he proceeded to serve Anderson by publishing notice in a Waterloo newspaper and mailing copies of the petition to the house where she had not been found. Unsurprisingly, Anderson did not appear. In June 2017, the court entered a default-judgment custody decree that placed the child in Groves' legal custody and physical care.

Eight years later, Anderson filed a pro se motion to vacate the court's decree on due process grounds, alleging she had been "traveling in and out of state" when Groves filed his petition and did not receive notice of the action.[1] The district court summarily denied the motion, finding "the timeline to request to set aside a default judgment has long passed." Anderson now appeals. She contends the court erred in deeming her request untimely because the judgment she seeks to vacate is "constitutionally void" and "void judgments may be vacated at any time."

---

[1] According to a certificate of service, Anderson sent Groves a copy of her motion to vacate by certified mail. However, a party seeking to vacate a judgment "must serve the adverse party with an original notice and petition in the manner provided in rules 1.301 through 1.315." Iowa R. Civ. P. 1.1013(2). There is no indication that Anderson perfected service as required by our rules for original notice. Groves did not respond to Anderson's motion, and he has not appeared in this appeal. We question whether personal jurisdiction is satisfied. But in light of our disposition, we need not resolve that issue.

We construe Anderson's motion as a petition under rule 1.1012.[2] Typically, relief under that rule must be requested within one year of the challenged judgment. *See* Iowa R. Civ. P. 1.1013(1); *Carter v. Carter*, 957 N.W.2d 623, 645–46 (Iowa 2021). But where the petition alleges the judgment is void due to a jurisdictional defect, relief "is not limited by rule 1.1012 or 1.1013." *In re Marriage of Samuels da Fonseca Silva*, 15 N.W.3d 801, 806 (Iowa Ct. App. 2024) (cleaned up). That kind of equitable challenge "can be made at any time—not just within the one-year limit." *Id.* (cleaned up); *accord In re Marriage of Thrailkill*, 438 N.W.2d 845, 847 (Iowa Ct. App. 1989).

Anderson asserts that the 2017 decree is void because she was never served with notice of Groves' custody action. Absent a voluntary appearance, "service of original notice . . . is necessary for a court to obtain personal jurisdiction over a defendant." *Fisher v. Keller Indus., Inc.*, 485 N.W.2d 626, 628 (Iowa 1992); *see also* Iowa Code § 600B.15 (stating original notice for a petition to establish custody "shall be served as in ordinary actions"). Here, the district court allowed Groves to serve Anderson by publication. *See* Iowa R. Civ. P. 1.310. But custody actions are not among the proceedings for which service by publication is authorized. *See* Iowa R. Civ. P. 1.310(1)–(7), (9)–(12). And while publication is allowed where a party has departed the state "with intent . . . to avoid service," Iowa R. Civ. P. 1.310(8),

[2] We do so because Anderson styled her filing as a "motion to vacate" and because she invokes rule 1.1012 on appeal. The district court, by contrast, referred to Anderson's motion as a "request to aside a default judgment," which would invoke Iowa Rule of Civil Procedure 1.977. *See State ex rel. Gutwiler v. Dickey*, 497 N.W.2d 876, 878 (Iowa 1993) (noting the two procedural avenues for challenging a default judgment). Ultimately, it doesn't matter which rule applies; Anderson's deadline to challenge the decree has lapsed under both. *See* Iowa Rs. Civ. P. 1.977 (sixty days), 1.1013(1) (one year). The only question is whether her jurisdictional claim exempts her from dismissal on timeliness grounds.

Groves filed no affidavit to support such a finding, *see Samuels*, 15 N.W.3d at 806–07 (finding the procedural deadline to vacate a judgment did not apply where the petitioner claimed notice by publication was not supported by an affidavit).[3]   On this record, we find Anderson has adequately alleged a jurisdictional defect in the district court's custody decree.

But our analysis does not end there.  We may uphold the denial of a motion to vacate judgment on "any proper ground [that] appears in the record."  *Hastings v. Espinosa*, 340 N.W.2d 603, 608 (Iowa Ct. App. 1983).  Although Anderson's jurisdictional claim is exempt from the rule 1.1013 deadline, her eight-year delay remains fatal.  A challenge to a judgment on personal-jurisdiction grounds may be forfeited if not raised "in due or reasonable time" after the grounds to object are known.  *In re Marriage of Ivins*, 308 N.W.2d 75, 77 (Iowa 1981); *accord State ex rel. Houk v. Grewing*, 586 N.W.2d 224, 226 (Iowa Ct. App. 1998).  In *Ivins*, a mother sought to modify a custody order while simultaneously attacking a prior modification based on a notice defect.  308 N.W.2d at 76.  Despite the rule that void judgments may be attacked at any time, the supreme court found the mother's jurisdictional argument untimely because she failed to assert it for more than two years—

---

[3] Before service by publication is allowed, rule 1.310 requires "an affidavit that personal service cannot be had on an adverse party."  Groves filed a return of service describing the sheriff deputy's failed attempt to find Anderson at her last known address.  But Anderson's petition seems to dispute whether this was enough to show "personal service [could not] be had."  She asserts that she was in contact with Groves during the custody action and that they had reached a "private verbal agreement" about temporary custody of their child.  Because the district court denied Anderson's motion without an evidentiary hearing, we assume the truth of her allegations in our review.  *See Giltner v. Stark*, 252 N.W.2d 743, 744 (Iowa 1977) (stating a petition to vacate judgment may be dismissed "only when it appears to a certainty the pleader has failed to state a claim upon which any relief may be granted under any statement of facts which could be proved").

even after she demonstrated her knowledge of the contested order by filing a petition to modify its terms. *See id.* at 77 ("Equitable relief from a judgment may be refused to a party thereto if . . . after ascertaining the facts the complainant failed promptly to seek redress." (citation omitted)).

Here, the record is clear that Anderson knew about the custody decree long before she sought to challenge it on jurisdictional grounds. According to her motion, she learned that her child's custody and care had been placed with Groves no later than November 2017, when she was arrested for attempting to pick up the child at school. Then, in 2021, she filed her own petition seeking custody and visitation rights, which was dismissed after a hearing. These allegations tell us that Anderson could have raised her personal-jurisdiction challenge well before March 2025. We will not entertain it now, especially given "the disruptive effect" of vacating an eight-year-old custody arrangement. *Id.*

Anderson also asserts that the default-judgment custody decree violates due process because it was entered without a finding of parental unfitness. She largely relies on *Santosky v. Kramer*, 455 U.S. 745 (1982), which clarified the minimum proof required for a state to terminate parental rights. The same protections do not apply outside the termination context. *See In re A.Y.H.*, 483 N.W.2d 820, 823 (Iowa 1992) (noting a parent's "interest in a modification hearing is not as compelling as would be the case in a termination proceeding"). Our case law does require the district court to make a best-interests finding before establishing physical care by default decree. *Fenton v. Webb*, 705 N.W.2d 323, 327 (Iowa Ct. App. 2005). But to the extent Anderson challenges the court's decision on that non-jurisdictional basis, her deadline to do so has long passed. *See* Iowa R. Civ. P. 1.1013(1).

5

We affirm the district court's order denying Anderson's untimely motion to vacate judgment. To be clear, our decision today is not a merits determination on any issue raised by Anderson, nor does it stop her from seeking to modify the custody decree as allowed by statute. *See* Iowa Code § 600B.31. Should Anderson pursue that route, we caution her against doing so alone. Individual litigants have a right to represent themselves in our courts. *Metz v. Amoco Oil Co.*, 581 N.W.2d 597, 599 (Iowa 1998). But the same rules apply regardless of whether a party is represented, and those who choose to navigate our legal system without the assistance of counsel do so at their own risk. *Kubik v. Burk*, 540 N.W.2d 60, 63 (Iowa Ct. App. 1995).

**AFFIRMED.**